The next case this morning is 523-0057 People v. Harvey. Arguing for the appellant is Elizabeth Crotty. Arguing for the appellee is Stephanie Lee. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Good morning. I think we're still on morning. Yes, we have read your briefs. We appreciate the arguments provided in the briefs. We're looking forward to oral arguments. Ms. Crotty, are you ready to proceed? Yes, Your Honor. All right, you may do so. Thank you. May I please the court, counsel? My name is Elizabeth Crotty and I represent Arthur Harvey in this matter. Just as a refresher, this is the case where Mr. Harvey was sentenced to seven years in prison for an incident where he set fire to trash and debris in the basement of a building belonging to his stepfather that he was tasked with cleaning out. He initially pled guilty in exchange for probation after he was denied a reasonable bond and unable to secure release prior to the trial proceedings. He then had a probation violation and was sentenced to seven years following the sentencing hearing for that. There are three distinct but related issues in the briefing. I'd like to touch on each of those briefly, but let's start with where we agree. So both parties agree that the appropriate MSR term in this case is one year and Mr. Harvey received two. So at minimum, we ask that this court vacate that improper MSR term and either reduce it or remand for resentencing considering the other errors. So turning to the remainder of the first issue, the state does also agree that when he pled guilty, Mr. Harvey was not admonished that he could receive an extended term sentence and yet the trial court considered an extended term sentence when it determined the appropriate sentence in this case. That is error. The error in this case is not about what sentence Mr. Harvey actually received. It is the trial court's improper consideration of that extended term range in determining what the appropriate sentence would be. And it is not Mr. Harvey's burden to prove that it definitely impacted the court's reasoning, but simply that it is unclear from the record that it did not. So my recollection is the trial court made some comments at sentencing specifically about the probation violation, the charge that brought him or got him off of probation. In other words, when he allegedly burned the car and made comments directly about that prior to sentencing. Is that true? That is true. Yes. And so that brings us essentially to the second issue that and so the first issue is the improper consideration of the extended term range. The second issue is the improper consideration and likely punishment for that probation violation rather than the initial offense itself. As stated, the offense for which he was being sentenced was burning trash in an abandoned building. No one says that no one argued here that there was likely harm to property or to any person from that offense. And then at the sentencing hearing, we have emphasis from the state on the second offense up to and including admission of the fire experts report related to the probation violation, but not to the initial offense and consideration from that the court about that offense, including allowing that admission of that report and consideration of that report and comments as your honor noted about the underlying incident leading to the probation violation. And that is error because the court can consider that for rehabilitation in determining rehabilitative potential, but it cannot consider the substance or punish or issue the sentence for in part or whole for that conduct that led to the probation violation. And it is unclear from the record that the court properly considered that information and the case law requires that it be clear from the record. And so taking these two issues together, there is error in both on both counts and the appropriate remedy is to remand for resentencing. The in particular, the focus here is that, you know, we don't we can't say from the record how these errors impacted the court's judgment about sentencing. Simply that the errors were present and such, you know, reconsideration of the sentence is necessary. Unless the court. Well, yeah, I do have a question. I think you're going to ask me that with regard to the seven year sentence. Right. Yeah. My understanding is that the maximum for the underlying charge was seven years and the minimum under the enhanced charge would have been seven. Yes. Now, correct me if I'm wrong, but didn't the PSI show that he has a fairly extensive criminal history? Yes, it does. You know, and so it's likely that on remand, the court could still stick with its seven year sentence and not being I mean, there would be no problem with the seven year sentence since it is within the range, even though it is on the upper end of the arson charge. Is that correct? Whether or not it's likely, I wouldn't venture to comment on. The court certainly could stick with the seven year sentence. But the problem with doing that is we don't know from this record that the court was not improperly influenced by considering the larger sentencing range. You know, OK, well, I I want to give him a midterm sentence. I want to show that, you know, I do think prison is appropriate given the probation violation. However, I want to do I don't want to do a maximum. I want to do a mid range that could have impacted the reasoning here. And the fact that the court considered proper factors in aggravation doesn't doesn't strike out the fact that the court considered an improper range and also considered improper factors such as the conduct leading to the probation violation. So certainly your honors could remand it and the sentence could remain the same. But the case law says that Mr. Harvey is entitled to that. He's entitled to a sentencing hearing where the court considers the appropriate range and the court considers the appropriate factors. And so that's all we're asking for here. We're not asking this court to reduce, you know, certainly we would accept, but we're not asking this court to reduce the sentence to the minimum non-extended term range. We're asking for a sentencing hearing on the appropriate factors with the appropriate range. And correct me if I'm right. And I apologize because not just myself, but all the justice. We have a lot of cases set today and tomorrow for me. And I've got them all in my head. And sometimes I just want to make sure I'm not conflating two different cases. But in this case, the defendant was not allowed to make a statement at sentencing. Is that correct? Correct. That they just use the PSI and some of the answers he provided there. Right. OK. Right. So that was an additional error that supports the conclusion that a new sentencing hearing is appropriate. You know, that by itself may not be a call for reversal. There's not actually a lot of case law on that point specifically. But it is one more, you know, one more incident where we are looking at this whole case and say, yeah, we need a new sentencing hearing for these issues. And here, you know, I think it's particularly notable that the court commented on a lack of remorse. And yet there was no opportunity for allocution. And the statements in the PSI were made in a different context. Is that is that issue at all forfeited in your opinion or waived? It was not preserved. That being said, you know, it is clear error. And I certainly think it weighs in combination with the other issues. Unless this court has other questions, I just want to briefly touch on the issue of the third issue with Crankle. And mostly that goes to the the appropriate remedy that because Mr. Harvey will be released from prison in October 2025, it's essential that this court consider the merits of each issue if rather than simply remanding for Crankle inquiry, because he is likely to be denied appropriate relief if this court waits to adjudicate those issues. What about the state's argument that because it was a fully negotiated or voluntary plea that that would waive, you know, jurisdictional issues from the original plea? I see that I'm about out of time. May have a moment to answer your question. If our presiding will allow it. Yes, please. And I should say non-jurisdictional issues. Right. So looking at my notes. Right. So when we're dealing with Crankle, you know, we are not arguing that what Mr. What Mr. Harvey said was that, you know, there may not have been a case if counsel, you know, had done his job properly, that he had concerns about the council didn't do anything for him. Those are issues that may go to not just the plea itself, but the probation revocation proceedings. There were questions about that. We don't know what issues could have been raised about the probation revocation proceedings. Had these issues been flushed out by the trial court. And as as we know, there are sentencing errors that were not preserved. And those issues can go to counsel's performance as well. So at this stage, you know, with Crankle, all we're asking is that the court be required to make a proper inquiry into that. And then based on on what comes up or does not come up, then we can proceed for there. But we can't say at this point that it is just an issue of the underlying guilty plea in terms of counsel's performance. Thank you. Thank you, counsel. Other questions, Justice Barberos? No, not this time. Thank you. All right. Ms. Crowder, you'll be provided an opportunity for rebuttal in a moment. Ms. Lee, are you ready to proceed? Yes, Your Honor. Good morning, Your Honors. May it please the court. Stephanie Lee for the people. I would just like originally to start out. I wanted to correct a couple of things that might be confusing based on the presentation that was just made. First of all, the defendant did actually testify at the sentencing hearing, in addition to providing the two written handwritten statements in the PSI about his opinion of the offense. And those are those were considered by the court. So that's one correction. Also, in terms of saying this was just trash, what defendant pled to for the arson was knowingly damaging personal property, being the structure at that address. Obviously, when you do have a plea, you don't get quite as much information there. But it was within a structure and it was, in fact, an arson. Let me stop you just so that I'm clear. My understanding was that the material that was lit on fire by the defendant was trash in a burned out hull basement, concrete basement. There was no structure above the ground above that concrete structure. Is that correct? I don't know that we know it was in a burned out building. Nobody was residing there, which is why it wasn't a residential. But my understanding was there was some damage to the structure itself. And it wasn't like trash, like pieces of paper. It was. Yeah. The damage to the property. Who is the I mean, the property owner, my understanding was his father in law or stepfather stepfather. And did the stepfather bring charges on the on the fire? Well, I mean, the state brings charges. So, I mean, the stepfather is nothing in the record shows that the stepfather came forward and wanted to not bring these charges. He didn't come testify on his behalf at sentencing or anything like that. I would also just this a little bit off the subject but when counsel is saying that it is not in fact their burden to show that this whole consideration of the extended term impacted the sentence. I would disagree with that because when you're going with plain error, which was raised for the first time in reply brief, it 100% is their burden to show clear and obvious error. It is not clear and obvious error here. Obviously, the court can consider that seven days after you were placed on probation for an arson, you commit another one. After he committed that arson, he tried to withdraw his plea. He was unsuccessful in that after a full hearing. Then we had the hearing on the probation revocation and we proved up the secondary arson by a preponderance of the evidence. So, it's really not an alleged anymore. I know he wasn't charged criminally with that but it was found to be proven by a preponderance of the evidence. There certainly isn't any argument on this appeal that there was an insufficient evidence to that offense or anything like that. When the court was considering the re-sentence, we all know the court can choose any sentence up to what he was originally authorized to sentence him to. By that point in time, it's entirely possible nobody realized what the admonishments had been. But for the admonishments, this was a defendant and is a defendant who is in fact extended term eligible. So, it isn't really a situation where he wasn't extended term eligible. The admonishments are the only limitation on that. That to me is a different case than some of these other cases where the court thought that they were extended term eligible and they really weren't. He wasn't but it was only because of the admonishments. So, that really to me is not a clear and obvious error either. What about the court commenting on the second arson? How are we to weigh that? Is the court commenting that you've done it twice now and punishing you for the second arson? Or are we to interpret it that the court's pointing out seven days after being put on probation for arson, you commit another offense. Therefore, you show a lack of remorse and lack of rehabilitative potential. I mean, how do we? 100%. I agree with that. When he said it, he said, so soon after the other one, you did this. And I can't give you another chance at probation because it depreciates the seriousness of your offense. And then he also talked about the need to deter others. You have to remember now we're looking at the full PSI, whereas the negotiated plea, maybe that wasn't before the court. Did you agree that this case needs to go back for a preliminary clinical hearing? I'm not conceding that for a few reasons. One is that Jones, I do think, forecloses any kind of ineffective assistance as to the plea. The other thing is when you look at the PSI, even if you figure these can be somewhat vague, they have to be something that is, in fact, complaining about the actual performance of your attorney. And just saying, oh, I think a retained attorney would do a better job than an appointed one. I mean, I don't think this court wants to per se find that. So all he said was, oh, I don't know that he did me much good. He complained about the evidence underlying his conviction, which is not an issue because he already pled guilty to that offense. And so I really, honestly, the other things he was saying, oh, I don't think I was treated fairly in court. He said his attorney hadn't brought up something about some other offender who maybe the state was looking for a different deal because he said that they were offering probation on the other one, which would have been the state. And now they want to send him to DOC. Well, remember that he, of course, already had his chance at probation, which is also why the state presumably did want to send him to DOC at that point. And he was properly sent to DOC at that point. This case has to go back for re-sentencing because of the improper MSR. I don't think that. I think that the MSR should be reduced. It is what it is. So if it's a year, it's supposed to be a year. You can't keep it at two years if your honors agree that it should be one. That's easily fixed under this court's authority to correct the minimus, which is really what needs to be done. And that's a very different situation than saying reducing a sentence when here these errors, alleged errors, are not preserved. And in order to do that, you'd actually have to find, it's not even an abuse of discretion anymore. You have to find clear and obvious error here before you can even look at that. So I don't think that this is one where the sentence needs to be reduced. On the other hand, if for any reason the court were to agree with the defense that defendant did trigger a crinkle need, my understanding of all the case law is the appellate issues get put on hold. You remand for that crinkle, and then later you can raise all the different issues. For one thing, I mean, it's supposed to be judicial economy. So you don't consider issues that are going to be, you know, possibly undermined at the crinkle hearing. Also, though, when you think about the judicial economy, which is the purpose behind crinkle, that's where you should find that Jones, in fact, forecloses it here because it is not judicial economy to send it back for something that can't be undone. So that would be the people's position on that. And I think unless there were, oh, I'm sorry, one other piece of information, one other argument I should say. The court at sentencing hearing can consider any relevant information that bears upon the sentence. So while he can't punish, I 100% agree, cannot punish for this new arson, that again was proven up by a preponderance of the evidence at a full hearing where defendant testified. Yes, you can't punish him for that, but you absolutely can consider whether the same offense, seven days after being given a chance, would make you less likely to rehabilitate, along with whether it would depreciate the original offense by giving yet another chance at probation. So that would be the people's arguments if there are no further questions. Thank you. Questions, Justice Barberos? No. Justice Luebbe? No, thank you. All right, thank you. Appreciate your arguments, Ms. Lane. Ms. Crotty, rebuttal? Yes, Your Honor. Thanks, just waiting for the time to reset. So first I want to address the state's assertion that there is no clear, obvious error here, such that we can consider plain error as to the first argument and the issue of the burden. As laid out in the briefs, the error here is consideration of the improper sentencing term. The error is not necessarily the receipt of a specific sentence. It is the improper consideration of the extended term where it could not have issued a sentence within that range, and that consideration may have impacted sentencing. It is hard to say that is not clear and obvious when the state concedes that that happened. Next, briefly to the facts, the state wants to emphasize purported damage to the structure. There really isn't. What we know about the structure is that it was previously burned and that this incident occurred in the basement. There's not a detailed description of the structure. There's not detailed description of the supposed damage to the structure. All of that is information the state could have provided. It's certainly information that defense counsel could have provided. Either counsel or the state could have brought the stepfather in. Neither did so, and both of those favor Mr. Harvey's complaints here. There's not a lot of information about what the supposed harm was here for the offense, and counsel didn't do much of anything to support the insignificance of this incident. He had to rely on asking Mr. Harvey questions at the proceeding, and that's really what the state seems to be referencing in regards to his testimony at the sentencing hearing. That brings me next to the state wants to say that he was an extended term eligible. We are dealing with a guilty plea here, and the range that is going to be in effect at a guilty plea is given in the admonishments, and that is what secures the guilty plea. To that effect, he's not extended term eligible. He could have been if the proceedings had gone differently, if the state had done something differently, if the court had done something differently, but what he pled to was based on admonishments of a sentencing range that topped out at seven, and then the court went back and considered an improper range. Now, talking about the complaints made about counsel, they do go to a performance. He says, I'm having to tell him what to say in court, and that seems to be supported by the conduct of these hearings where the court has a question, counsel doesn't answer it, he has Mr. Harvey answer it, but the issue here is not the merits of Mr. Harvey's complaints. It's the fact that he made them, and they don't clearly go to the guilty plea. They go to counsel's performance, which is something that is implicated throughout these proceedings. So to say that it's foreclosed because he pled guilty is not reasonable or supported. Now, Justice Vaughn, you asked if the trial court's comments about the second arson went to rehabilitation or they went to punishment or consideration of that offense in terms of the sentence. I would argue the record shows probably both. Saying, okay, this happened seven days after, that does seem like an issue of, I don't see the rehabilitative potential here. That makes sense. But that's not all that happened. He made other comments about the potential motive for that. He admitted this report, which is really irrelevant and didn't admit a report, wasn't even offered by the state, a report about the original incident. So the fact that the court made proper use of this evidence doesn't negate the fact that it likely made improper use of it as well. And again, consideration of proper factors doesn't negate consideration of improper factors. So based on all of these, and judicial economy is certainly important, but it's not the only consideration. And here, I'm not sure that it even necessarily comes into play because we're looking at a fairness issue that these issues are going to go away if we simply sent back for Crankle. I see that's my time. Could you expand on that just for a second, though, that Ms. Lee says when we remand for Crankle, that's all the trial court's supposed to do is have the preliminary Crankle inquiry. In your initial argument, you argued that we should address the other issues also because he's about to get out next year. So if we send it back for a preliminary Crankle inquiry, how do you believe that should proceed? Right. I think that we have both. All of these issues are important. If it goes back for an initial Crankle inquiry and the court correctly or incorrectly denies any relief on those Crankle claims, then it comes back to this court for consideration of the first two issues on the merit. So in a sense, you know, we say, okay, I don't think judicial economy at the expense of actually having consideration of the merits of these issues, right? We're looking at a little over a year here. Certainly, it's possible that the court could decide these issues and we could be back here within time for Mr. Harvey to have relief on these issues. In that sense, judicial economy suggests that this court should decide the merits of these issues while it's fresh. However, the other alternative is that, you know, if Crankle proceedings don't grant relief, we're back here and he's lost any ability to have a reduction in sentence or a reconsideration of the sentence because he served the entire term, which was based on errors. Thank you. Other questions, Justice Bowie? No, thank you. Justice Barberos? No. All right, thank you. We appreciate your arguments and we consider those in connection with your briefs. We will take the matter under advisement and issue a decision in due course.